**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50168 |
| Plaintiff-Appellee, | D.C. No. 3:19-mj-23205-FAG-BTM-1 |
| v. | |
| OLIVER BIBIANO-MAYO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, District Judge, Presiding

Submitted April 11, 2022[**]

Before:   McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Oliver Bibiano-Mayo appeals from the district court's order affirming his

guilty-plea conviction for attempted illegal entry, in violation of 8 U.S.C.

§ 1325(a)(1).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Bibiano-Mayo contends that his conviction must be vacated because

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1325(a)(1) violates the non-delegation doctrine and because the district court did not advise him at the plea hearing that knowledge of alienage is an element of the offense. As he concedes, both of these claims are foreclosed. *See United States v. Melgar-Diaz*, 2 F.4th 1263, 1266-69 (9th Cir. 2021) (holding that § 1325(a)(1) does not violate the non-delegation doctrine), *cert. denied*, 142 S. Ct. 813 (2022); *United States v. Rizo-Rizo*, 16 F.4th 1292 (9th Cir. 2021) (knowledge of alienage is not an element of a § 1325(a)(1) offense).

**AFFIRMED.**